UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: JESSE ALBERT MOORE,                    Case No. 20-31195-KLP
      Debtor.                                     Chapter 13

JESSIE ALBERT MOORE, DEBTOR, and
CARL M. BATES, TRUSTEE,
      Plaintiffs,

v.                                            Adv. Pro. No. 21-03041-KLP

KIMBERLY L. BERRY,
      Defendant.

## MEMORANDUM OPINION

Debtor Jesse Albert Moore (the "Debtor") and the Chapter 13 Trustee (jointly, the "Plaintiffs") initiated this Adversary Proceeding by filing a complaint (the "Complaint") to avoid transfers of real property made from the Debtor to Defendant Kimberly L. Berry (the "Defendant") within the two years prior to the Debtor's filing of his bankruptcy petition. The Plaintiffs base the Complaint on §§ 544, 548, and 550 of the Bankruptcy Code, 11 U.S.C. §§ 544, 548, and 550,[1] and Va. Code Ann. §§ 55.1-401. The Defendant has filed a motion to dismiss the Complaint (the "Motion to Dismiss") for failure to state a claim upon which relief can be granted and for lack of standing, pursuant to Bankruptcy Rule 7012(b), Fed. R Bankr. P. 7012(b). ECF 5, at ¶¶ 5 and 14. The Court has reviewed the Complaint and the

---

[1] Hereinafter referred to as §§ 544,548, and 550.

Motion to Dismiss and has heard the parties' arguments.  For the following reasons, the Court will deny the Motion to Dismiss.

### Jurisdiction and Venue

The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the general order of reference of the U.S. District Court for the Eastern of Virginia dated August 15, 1984.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

### Standard of Review

*Lack of Standing*

Civil Procedure Rule 12(b)(1), Fed. R. Civ. P. 12(b)(1), made applicable by Bankruptcy Rule 7012(b), Fed. R. Bankr. P. 7012(b), authorizes defendants to assert, on motion, a defense of "lack of subject matter jurisdiction."  "[Since] standing pertains to a federal court's subject matter jurisdiction, a motion to dismiss for lack of standing is properly brought as a motion to dismiss for lack of subject matter jurisdiction under Civil Rule 12(b)(1)."  *Foster v. Sligar (In re Foster)*, No. EC-11-1706, 2012 WL 6554718, at *4 (9th Cir. B.A.P. Dec. 14, 2012).

"Standing is a 'threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States.'"  *Sexton v. Dep't of Treasury, IRS (In re Sexton)*, 508 B.R. 646, 652 (Bankr. W.D. Va. 2014) (quoting *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001)).  While Rule 12(b)(1) inquiries into standing generally require an analysis based on constitutional or prudential standing,

challenges asserting a lack of standing under the Bankruptcy Code typically implicate statutory standing. Statutory standing is "a concept distinct from Article III and prudential standing." *CGM, LLC v. BellSouth Telecomm., Inc.*, 664 F.3d 46 (4th Cir. 2011). A statutory standing inquiry addresses whether the plaintiff "is a member of the class given authority by a statute to bring suit." *In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008). Courts address an allegation of lack of statutory standing using a Rule 12(b)(6) analysis because "a dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *CGM*, 664 F.3d at 52.

<u>*Failure to state a claim*</u>

Rule 12(b)(6) grants a defendant the right to seek a dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The defendant bears the burden of proof to demonstrate that the plaintiff has not stated a claim. *Emerald Capital Advisors Corp. v. Bayerische Moteren Werke Aktiengesellschaft (In re Fah Liquidating Corp.)*, 572 B.R. 117, 122 (D. Del. Bankr. 2017) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

When reviewing a motion to dismiss, the court should accept all well-pleaded allegations as true and should view the complaint in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "[O]nly the legal sufficiency of the complaint, and not the facts in support of it, are

tested under a 12(b)(6) motion, [and a court] assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy the plausibility standard, a plaintiff need not plead factual allegations in great detail, but the allegations must be sufficient to allow the court, "drawing on judicial experience and common sense, to infer more than the mere possibility" of the facts of the allegation.  *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009)).

The Court needn't assume the veracity of any legal conclusions drawn from the facts alleged in the complaint.  *Birmingham v. PNC Bank, N.A. (In re Birmingham)*, 846 F.3d 88, 92 (4th Cir. 2017).  "'[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement' are insufficient and will not withstand a motion to dismiss."  *Matson v. Rescue Rangers, LLC (Rescue Rangers, LLC)*, 576 B.R. 521, 525 (E.D. Va. Bankr. 2017) (quoting *Nemet,* 591 F.3d at 256 (4th Cir. 2009)).  With these guidelines in mind, the Court has considered the Motion to Dismiss.

## Discussion

*Standing*

Courts differ on whether a chapter 13 trustee or the debtor has the authority to bring avoidance actions under §§ 544, 548, and 550.  A leading treatise on the subject states that "[t]here is general agreement that the Chapter 13 trustee has standing to avoid transfers and recover property under §§ 544 (strong-arm power), 547 (preferences), 548 (fraudulent conveyance) and 549 (postpetition transfers)." Keith M. Lundin, Lundin on Chapter 13, § 53.12, at ¶ 1, LundinOnChapter13.com. Corpus Juris Secundum contains the following commentary:

> [T]he omission of 11 U.S.C.A. §704(a)(1) from the Chapter 13 trustee's duties, as enumerated in 11 U.S.C.A. §1302(b)(1), cannot be read so far as to preclude the use of the Chapter 5 avoidance powers by the trustee, and it is left to the Chapter 13 trustee's judgment to determine when it is feasible and efficient to exercise the avoidance powers.  The exercise of avoidance powers is consistent with a Chapter 13 trustee's duty, pursuant to statute, to advise and assist the debtor in performance under a plan.  Thus, a Chapter 13 trustee may avoid transfers of property or obligations of the debtor under 11 U.S.C.A. § 544, may avoid a preference under 11 U.S.C.A. §547(b), and may recover a fraudulent transfer under the provisions of 11 U.S.C.A. §548.

8A C.J.S, *Bankruptcy*, §262 (2022).

Courts holding that the Bankruptcy Code grants avoidance powers to a debtor as well as to a chapter 13 trustee have relied on policy concerns and legislative history.  *See Houston v. Eiler (In re Cohen)*, 305 B.R. 886, 899 (9th Cir. B.A.P. 2004) ("If we regard §1303 as ambiguous and look at legislative history for guidance, a strong case for debtor standing to assert trustee avoiding powers becomes a compelling case."); *Smith v. U.S. Bank Nat'l Ass'n (In re Smith)*, No. 12-41260, AP No. 13-4009, 2014 WL 1404722, at *2 (Bankr. W.D. Ky. April 10, 2014) (specifying policy concerns support granting Chapter 13 debtors the standing to

utilize strong-arm avoidance powers instead of adhering to a strictly technical approach and citing cases on each side of the issue). Thus, authority exists for finding that either the trustee or the debtor may bring avoidance actions in a chapter 13 case.

Here, the Chapter 13 Trustee and the Debtor are co-plaintiffs. Thus, the Defendant's argument that both Plaintiffs in this case lack standing to bring this avoidance action is tantamount to arguing that Chapter 5 avoidance actions are not available in chapter 13 cases. (Who other than the chapter 13 trustee or the debtor would be the plaintiff?) The Court rejects this contention. There is nothing in the Bankruptcy Code prohibiting avoidance actions in chapter 13 cases, nor should there be. Bankruptcy estates are comprised of various assets,[2] including causes of action, the intent being to maximize the bankruptcy estate for the benefit of creditors and to ensure equal treatment of creditors according to their priority in the scheme of distribution. Allowing some creditors to retain fraudulent transfers or preferential payments, often at the expense of similarly situated creditors, is contrary to that intent.

The practical concerns arising in chapter 13 cases where there have been avoidable pre-petition transfers are evident. Chapter 13 trustees, at least in some jurisdictions, are accustomed to administering funds, usually wages, and may not always be equipped with sufficient resources to litigate avoidance actions. Debtors typically propose the sources of funding in their chapter 13 plans, subject to trustee

---

[2] The Bankruptcy Code defines the assets that are included in a bankruptcy estate. *See* 11 U.S.C. § 541(a).

or creditor objections. In some cases, the debtor may fund the plan, at least in part, with lump sums obtained from the sale of an asset or through litigation.

An objection to a chapter 13 plan based solely on the chapter 13 trustee's assertion that it lacks the resources to pursue avoidance actions on behalf of an estate is problematic, especially if it leads to denying chapter 13 relief to a qualified debtor who is unable to otherwise fund a chapter 13 plan or permitting the recipient of an avoidable transfer to retain the funds or assets obtained at other creditors' expense.  These practical concerns are alleviated by recognizing a chapter 13 debtor's standing to pursue such actions on behalf of the bankruptcy estate.

The Fourth Circuit, while not having directly addressed the specific issue before the Court, has recognized the necessity and efficacy of permitting a debtor to exercise trustee powers in chapter 13 cases.  *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013) ("Chapter 13 also modifies other powers generally given to the debtor and trustee. For example, not only does the Chapter 13 debtor retain possession of the property of the estate, the Chapter 13 debtor also assumes 'exclusive of the trustee, the rights and powers of a trustee[,]' 11 U.S.C. § 1303, found in many of the provisions of § 363 regarding the general administration of bankruptcy estates.").[3]  Expanding the scope of the debtor's powers to include the

---

[3] The *Wilson* case can also be read to support the ability of a Chapter 13 Debtor to pursue such actions pursuant to Bankruptcy Rule 6009. Under Rule 6009, "the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor . . . ." Fed. R. Bankr. P. 6009.  The court noted that while the specific phrase "debtor in possession" is a Chapter 11 term, the fact that a Chapter 13 debtor maintains possession over the estate has meant courts consider him to be analogous to a Chapter 11 debtor in this respect. *Wilson*, 717 F.3d at 344.  As a result, the court concluded that "the Chapter 13 debtor steps into the role of trustee and exercises

recovery of avoidable transfers on behalf of the bankruptcy estate is consistent with this policy.

In the case before the Court, the Trustee and Debtor are co-plaintiffs.  In this Court's view, either party has standing to pursue the allegations in the Complaint. Accordingly, the Court rejects the Defendant's contention that the Plaintiffs lack standing to bring the Complaint.

Having determined that the Plaintiffs have standing, the Court need consider only whether the Complaint, as filed, contains sufficient facts to plausibly state a claim for relief, assuming all facts as pled by the Plaintiffs to be true and viewing those facts in the light most favorable to the Plaintiffs.  On this issue, the Court again finds for the Plaintiffs.

*Count One, § 548(a)*

Count One of the Complaint is brought pursuant to § 548(a), which provides that:

> [t]he trustee may avoid any transfer . . . of an interest of the debtor in property, . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

11 U.S.C. § 548(a)(B)(ii)(I).  Four elements must be met in order for a transfer to be avoided under this section: (1) the debtor must have transferred property in which he had an interest; (2) the transfer of the property must

---

concurrent authority to sue and be sued on behalf of the estate." *Id.* (internal citations omitted).

have occurred on or within two years before filing the petition; (3) the debtor must have received less than a reasonably equivalent value for the transfer; and (4) the debtor must have been insolvent at the time of the transfer or became insolvent as a result of the transfer.  *Id.*

Addressing the first and second elements, the Plaintiffs assert the Debtor had an interest in multiple properties (the "Properties") that he transferred to the Defendant within two years prior to the filing of the Chapter 13 petition (the "Transfers").  ECF 1, ¶¶ 13, 15, 16, 20, and 21.  The Defendant alleges in the Motion to Dismiss that at the time of the Transfers, the Properties were owned and transferred by the Debtor's LLC and not by the Debtor personally. ECF 5, ¶¶ 8, 9, and 11. The Defendant's assertion as to the pre-petition ownership of the Properties is contrary to the allegations in the Complaint and raises a question of fact that is not properly addressed in a motion to dismiss.  Reading the Complaint in the light most favorable to the Plaintiffs, and disregarding the numerous factual disputes raised in the Motion to Dismiss, the Court finds that the facts as pled are facially plausible and satisfy the test set forth in *Iqbal*.  Thus, the first two required elements have been adequately pled.

Section 548 does not define "reasonably equivalent value."  The Plaintiffs assert the Transfers were made from the Debtor to the Defendant "for no consideration." ECF 1, ¶ 22.  The Court finds that this allegation satisfies the third element required by §548(a).  Reading the Complaint in the light most favorable to

the Plaintiffs, one may reasonably extrapolate that "no consideration" is less than "reasonably equivalent value."

The final required element necessary to state the Plaintiff's' cause of action, that the Debtor was insolvent at the time of the Transfers, is specifically pled.  ECF 1, ¶¶ 17, 23, and 29.  Therefore, all four required elements have been properly pled as to Count One.  Count One plausibly states a claim for relief.

*Count Two, § 544(b)*

The Plaintiffs base Count Two of the Complaint upon § 544(b)'s language that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." 11 U.S.C. § 544(b)(1). The Plaintiffs cite Va. Code Ann. § 55.1-401 as the "applicable law" granting authority to avoid any transfers not specifically covered by § 548. Section 55.1-401 of the Virginia Code states:

> [e]very gift, conveyance, assignment, transfer, or charge that is not upon consideration deemed valuable in law, or that is upon consideration of marriage by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts were contracted at the time such gift, conveyance, assignment, transfer, or charge was made but shall not, on that account merely, be void as to creditors whose debts have been contracted, or as to purchasers who have purchased, after such gift, conveyance, assignment, transfer, or charge was made.

Va. Code Ann. § 55.1-401.  Like a claim under § 548, there are four requirements for a transaction to be avoided under § 544(b): (1) there must have been a transfer; (2) the transfer was made absent adequate consideration; (3) the transferor was

insolvent at the time of the transfer or was made insolvent by the transfer; and (4) the debt addressed by the avoidance action existed before the transfer was made.[4]

Each of the foregoing elements have been asserted in the Complaint, Plaintiffs allege that the Properties were conveyed prepetition by the Debtor to the Defendant for no consideration. ECF 1, ¶¶ 11, 13, 15–16, 27–29.  The Plaintiffs also assert the Debtor was either insolvent at the time of, or rendered insolvent by, the Transfers and that the avoidance action is being brought in connection with unsecured creditor claims that existed prior to the Transfers.  ECF 1, ¶¶ 29 and 31.  Accepting these facts as true, the Court finds that Count Two of the Complaint sets forth a viable cause of action pursuant to §544 (b).

*Count Three §544(a)*

The final count of the Complaint is brought pursuant to § 544 (a).

Section 544(a) states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

---

[4] The Court notes that these four requirements are the *only* requirements needed to bring an avoidance action under this statute.  This means that fraudulent intent in the transfer is neither a requirement nor a bar to bring such an action.  *See Phillips v. Moazzeni (In re Tangelo)*, 378 B.R. 128, 137 (Bankr. E.D. Va. 2007) ("A voluntary conveyance under § [55.1-401] is voidable as to creditors whose claims existed at the time of transfer. It does not require proof of a fraudulent intent.").

This statute gives the trustee broad powers to avoid any transfer of real property by the debtor that would be voidable by a bona fide purchaser. In the Complaint, the Plaintiffs allege that the deeds transferring certain parcels of the Properties were not properly recorded in the land records. ECF 1, ¶¶ 15-16, 35-36. Unrecorded transfers of real property lack the requisite perfection and are void as to bona fide purchasers without notice. Va. Code Ann. § 55.1-407. Accordingly, Count Three of the Complaint sets forth sufficient facts to comprise a viable cause of action under §544 (a).

*Affirmative Defenses Raised in the Motion to Dismiss*

The Motion to Dismiss raises the affirmative defense of *in pari delicto*. More specifically, the Defendant alleges that the Debtor should be precluded from proceeding with the adversary proceeding due to his own wrongdoing in effectuating the Transfers. ECF ¶¶ 12-13. The Court has recently addressed the issue of whether affirmative defenses may be properly considered on a motion to dismiss. In *TRU Creditor Litig. Trust v. UPS Supply Chain Solutions Inc. (In re Toys "R" Us., Inc.)*, Adv. Pro. 19-02037-KLP, 2020 WL 2765046, at *4 (Bankr. E.D. Va. May 22, 2020), the Court relied upon the guidance of Judge Ellis in *Garrett v. Cape Fox Facilities Servs.*, No. 1:19-cv-579, 2020 WL 265869 (E.D. Va. Jan. 17, 2020):

> Ordinarily . . . an affirmative defense . . . is not appropriately considered on a motion to dismiss. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Fourth Circuit has held that, "only in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* Importantly, the Fourth Circuit has limited this exception to instances where all facts necessary to the affirmative defense "clearly appear [ ]

on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

*Garrett*, 2020 WL 265869, at *3. In *Goodman*, the Fourth Circuit held that not only must the elements of the defense be clear on the face of the complaint, but the complaint must also "show that plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." 494 F.3d at 466. In the matter at bar, the Complaint does not contain the requisite elements for the Defendant's asserted defense of *in pari delicto*,[5] nor are the Plaintiffs foreclosed by language in the Complaint from asserting a rejoinder to the Defendant's *in pari delicto* defense. As such, consideration of this defense is, at best, premature.

The Defendant also argues that the Plaintiffs should be precluded from pursuing avoidance recoveries because the Chapter 13 plan currently provides sufficient funds to pay claims in full through the Debtor's future income, rendering the fraudulent transfer recoveries unnecessary. ECF 5, ¶ 1. Notwithstanding the lack of a sufficient record to support its contention, the Defendant has cited no persuasive authority for this proposition. Moreover, the Court notes that even if it

---

[5] The Defendant's arguments asserting the affirmative defense of *in Pari delicto* are unavailing in light of the weight of case law that has addressed this defense as it pertains to §§ 544 and 548. There is broad consensus across multiple jurisdictions that the defense is inapplicable when a Trustee brings an avoidance action under §§ 544 or 548. *See McNamara v. PFS (In re Personal & Bus. Ins. Agency)*, 334 F.3d 239, 246 (3rd Cir. 2003); *In re Leasing Consultants, Inc.*, 592 F.2d 103, 110 (2nd Cir. 1979); *Field v. Trust Estate of Kepoikai (In re Maui Indus. Loan & Fin. Co.)*, 454 B.R. 133, 136 (Bankr. D. Haw. 2011); *Tolz v. Proskauer Rose LLP (In re Fuzion Techs. Group, Inc.)*, 332 B.R. 225, 232 (Bankr. S.D. Fla. 2005); *Wagner v. Levann*, No. 12-CV-00817, 2014 WL 12798379 (D.N.M. Jan. 8, 2014); *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 863 (6th Cir. B.A.P. 1997) (*rev'd on other grounds*).

were to be demonstrated that this is true, the argument has no merit. The ability of a debtor to maintain its source of income and fully pay out its plan over the course of three to five years (*see* 11 U.S.C. §1325(b)(4)(A)), the timeframe for most chapter 13 plans, is speculative at best. When there are potential recoveries available to enable a debtor to expedite and maximize distributions to creditors, it is generally in the best interest of those creditors to make those recoveries. Indeed, one could argue that a debtor has an obligation to preserve and pursue avoidance claims, any self-serving arguments of the alleged recipient of the underlying transfers notwithstanding.

## Conclusion

Defendant has failed to carry its burden of showing that the Plaintiffs have not alleged plausible claims for relief. Further, the Court finds that the Chapter 13 Trustee and the Debtor have standing in this case to pursue the avoidance actions alleged in the Complaint. Accordingly, the Motion to Dismiss will be denied.

A separate order to this effect will be issued concurrently.

Signed: March 20, 2022

/s/ Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket:  March 21, 2022

Copies:
Jesse Albert Moore
208 Fulham Circle
Richmond, VA 23227

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101

James H. Wilson, Jr.
4860 Cox Road, Suite 200
Glen Allen, VA 23060

Kimberly Alice Chandler
Chandler Law Firm
P.O. Box 17586
Richmond, VA 23226

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218